IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL GRIFFIN AND MARIE HAMMOND,<br><br>    Plaintiffs,<br><br>v.<br><br>MAHON FAMILY MEDICINE, P.C. AND LAN MAHON,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Carol Griffin and Marie Hammond, by and through their undersigned counsel, bring this action against Defendants Mahon Family Medicine, P.C. and Lan Mahon.

## NATURE OF THE ACTION

1. Plaintiffs Carol Griffin ("Griffin") and Marie Hammond ("Hammond") (collectively "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq., alleging that corporate Defendant Mahon Family Medicine, P.C. ("Family Medicine") and individual officer Lan Mahon ("Mahon")(collectively "Defendants") willfully

1

failed to compensate Griffin and Hammond at time and one-half for all hours worked in excess of forty (40) hours per week.

2. Because Defendants violated the FLSA, they are liable to Griffin and Hammond – jointly and severally – for all unpaid overtime wages, an equal amount of liquidated damages, and reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

5. Plaintiffs were former, hourly "employees" of Defendants.

6. Both Defendants Family Medicine and Mahon were employers under 29 U.S.C. § 203(d) as both acted directly and indirectly in the interest of Defendants in their interactions with Plaintiffs, and controlled the terms and conditions of their employment.

7. Defendants employed Plaintiffs who handled and otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. On information and belief, and at all times relevant, Defendant Family Medicine has had an annual gross volume of sales made or business done in excess of $500,000.00.

## PARTIES

9. Griffin is a citizen of Georgia who resides in Walton County.

10. Hammond is a citizen of Georgia who resides in Gwinnet County.

11. Family Medicine is a domestic professional corporation with its principle office address located at 1786 Oak Road, Suite B, Snellville, Georgia 30078.

12. Mahon, a Georgia resident, is the Chief Executive Officer, Chief Operating Officer and owner of Defendant Family Medicine.

13. Family Medicine may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Mahon Family Medicine, P.C., at 893 Grassmeade Way, Snellville, Georgia 30078.

14. Mahon may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Mahon may be served with process by leaving a copy of the Summons and

Complaint with someone of suitable age and discretion residing at her home address.

### **FACTUAL ALLEGATIONS SHOWING THAT DEFENDANT CORPORATE OFFICER MAHON WAS AN EMPLOYER UNDER THE FLSA**

15. At all times relevant, Mahon qualified as an "employer" under 29 U.S.C. § 203(d).

16. At all times relevant, Mahon held, and continues to hold, a significant ownership interest in Family Medicine, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

17. At all times relevant, Mahon acted directly and indirectly in the interest of Family Medicine in relation to Griffin and Hammond.

18. At all times relevant, Mahon exercised day-to-day control over the affairs of Family Medicine, including: approving promotions and raises; hiring and discharging employees; and establishing other terms and conditions of employment.

19. At all times relevant, Mahon had a significant involvement in the supervision and payment of Griffin and Hammond.

20. Defendant Mahon directly and indirectly controlled, determined, and directed the day-to-day operations of Family Medicine.

21. Upon information and belief, Mahon divided and assigned work assignments, and oversaw scheduling and compensation.

22. Upon information and belief, Mahon had the ultimate power to make binding policy decisions for Family Medicine.

## FACTUAL ALLEGATIONS

23. Griffin was employed by Defendants from July 2000 through January 20, 2013, as an insurance-billing clerk.

24. Hammond was employed by Defendants from February 2000 through January 20, 2013, a front-desk clerk

25. Family Medicine is primarily engaged in the diagnosis and health care of children and adults.

26. Mahon is an osteopathic physician who specializes in family practice and adult medicine.

27. Generally, Plaintiffs were scheduled to work Monday through Friday a shift that began at 8:30 a.m. and concluded at 5:00 p.m., with a 30-minute lunch break.

28. A true and correct copy of Griffin's employment contract is attached here as Exhibit A.

29. In her capacity as an insurance-billing clerk, Griffin processed insurance claims, collected fees, assigned specific costs to medical procedures, entered data, issued and received bills, and deposited checks.

30. Hammond's essential job duties included greeting incoming patients, checking patients in and out of Family Medicine's office, collecting copayments, verifying patient information, scheduling patient appointments, locating patient medical records, and answering patient phone calls.

31. Plaintiffs performed non-exempt work.

32. Griffin and Hammond were paid by Defendants on an hourly basis.

33. Throughout Plaintiffs' employment, and despite their scheduled shift, they arrived prior to 8:30 a.m. and began working.

34. Defendants, for example, required Griffin to begin working at 8:00 a.m., which meant she worked 30-minutes of uncompensated time.

35. Prior to their scheduled shift, Plaintiffs booted their computers, turned the office's alarm off, turned on all lights, checked patients in, and then began immediately performing their general duties.

36. During Plaintiffs' employment, no time clock or other mechanical time records were maintained by Defendants.

37. Throughout Plaintiffs' employment, Mahon discouraged Plaintiffs from reflecting on their handwritten timesheets any overtime hours.

38. Throughout their employment, Defendants' employees on numerous instances informed Mahon that they were entitled to overtime pay for all hours worked in excess of 40 per workweek.

39. In response to repeated complaints, Mahon quipped: I do not pay overtime.

40. At all times relevant, Defendants systematically undercompensated Plaintiffs on the number of hours actually worked.

41. Throughout Plaintiffs' employment, each worked through their 30-minute lunch period and were not relieved of their duties while eating.

42. At all times relevant, Defendants deducted from Plaintiffs' wages a 30-minute lunch period, regardless of whether a lunch break was actually taken by an employee.

43. Griffin, for example, two to three days in each workweek was required to drive to a local bank and make cash and/or check deposits, all during her meal period.

44. While on their lunch break, Plaintiffs routinely assisted patients in the office, answered patient phone calls, and continued performing their general duties.

45. Plaintiffs were rarely, if ever, completely relieved from duty for the purposes of eating regular meals.

46. This real limitation on Plaintiffs' personal freedom inured to Defendants' benefit.

47. Defendants knew and had reason to believe Plaintiffs continued to work during their lunch breaks and that the time was work-time.

48. Defendants' lunch deduction policy resulted in lost overtime to the extent that the operation of the policy deprived Plaintiffs of credit for hours worked in excess of 40 hours per week.

49. Defendants issued pay stubs reflecting a 40-hour work week even through Plaintiffs routinely worked in excess of 40-hours per week and knew that representation was false.

50. Defendants failed to keep accurate records of the hours worked by Plaintiffs.

51. Defendants, at all times relevant, refused to compensate Plaintiffs for hours worked in excess of 40-hours per work week.

52.   Defendants were aware that Plaintiffs were working time for which they were not being compensated.

53.   Defendants knew or should have known that the FLSA applied to Plaintiffs.

## COUNT:   WILLFUL FAILURE TO PAY OVERTIME

54.   Paragraphs 1 through 53 are incorporated here by this reference.

55.   Plaintiffs regularly worked in excess of 40-hours per week while employed with Defendants.

56.   Defendants systematically undercompensated Plaintiffs on the number of hours actually worked.

57.   Defendants violated the FLSA's overtime requirements by failing to pay Plaintiffs overtime compensation.

58.   Defendants are liable to Plaintiffs for any and all time worked in excess of 40-hours per week.

59.   Defendants knew or should have known that the FLSA applied to Griffin and Hammond.

60.   Defendants failed to compensate Plaintiffs for all time worked.

61.   Defendants' violations of the FLSA overtime provision, 29 U.S.C. § 207(a), were willful because Defendants: (1) failed to maintain accurate time

records; (2) failed to compensate Plaintiffs for all time worked during their scheduled lunch period; (3) led them to believe that Defendants' lunchtime policy conformed with the FLSA and the laws of the State of Georgia; and (4) discouraged Griffin and Hammond from reporting time worked in excess of 40 hours.

62. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are liable – jointly and severally – for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

63. Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendants – jointly and severally – as provided by the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Griffin and Hammond respectfully pray that:

a. the Court enter judgment in favor of Plaintiffs;

b. the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. the Court award Plaintiffs all unpaid overtime wages as provided for under the FLSA;

d. the Court award Plaintiffs liquidated damages in an amount equal to the amount of his unpaid overtime wages, as provided for under the FLSA;

e. the Court award Plaintiffs their attorneys' fees and costs of litigation under 29 U.S.C. § 216(b);

f. the Court determine all triable issues at trial; and

g. the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Griffin and Hammond demand a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:		March 26, 2013

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Viraj Parmar |
| 229 Peachtree Street NW | Viraj Parmar |
| International Tower \| Suite 980 | Ga. Bar No. 996884 |
| Atlanta, GA 30303 | viraj@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:    (877) 813-1845 | Jeff Kerr |
| | Ga. Bar No. 634260 |
| Counsel to Griffin and Hammond | jeff@maysandkerr.com |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Book Antiqua 13 point font, as approved by Local Rule 5.1C.

This 26th day of March, 2013

<u>/s/ Viraj Parmar</u>
Viraj Parmar
Ga. Bar No. 996884
