IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAROL GRIFFIN AND MARIE HAMMOND, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action File No. 1:13-cv-00968-CAP |
| MAHON FAMILY MEDICINE, P.C. AND LAN MAHON, | ) ) ) ) | |
| Defendants. | ) | |

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT

**COME NOW** the Parties to the above-styled case and, based on their reaching of a proposed settlement, hereby move this Court to approve said settlement and dismiss this case with prejudice.  In support of this Motion, the Parties show the Court as follows:

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

#### I.   STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. (See Am. Compl. ¶ 1, ECF No. 8.)  Plaintiff Carol Griffin alleges that she worked for Defendants Mahon Family Medicine, P.C. and Lan Mahon as an insurance-billing clerk from July 2000 until January 20,

2013.  (Id. ¶ 23.)  Plaintiff Marie Hammond alleges that she worked for Defendants Mahon Family Medicine, P.C. and Lan Mahon as a front-desk clerk from February 2000 through January 20, 2013.  (Id. ¶ 24.)  Plaintiffs allege that during certain periods of their employment with Defendants, they were not properly compensated under the FLSA for hours worked in excess of forty (40) in a given workweek. (Id. ¶¶ 54-63.)  Plaintiff Griffin also alleges that she was retaliated against after filing the lawsuit, in violation of the FLSA.  (Id. ¶¶ 64-81.)

Defendants deny liability to the Plaintiffs for any violation of the FLSA and further contend that the Plaintiffs have improperly utilized their positions of trust with Defendants to benefit themselves and/or others associated with them. Plaintiffs deny any liability to Defendants.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty.  As such, the Parties have entered into a proposed Settlement Agreement and Full and Final Release of All Claims ("Settlement Agreement"), a copy of which is attached hereto as Exhibit "A."

The total sum of the settlement is Twenty-Seven Thousand Dollars and No Cents ($27,000.00).  Sixteen Thousand Four Hundred and Ninety Dollars and Forty Cents ($16,490.40) will be paid to Plaintiffs for allegedly owed back wages,

liquidated damages, and interest. The remaining Ten Thousand Five Hundred and Nine Dollars and Sixty Cents ($10,509.60) will be paid for all costs and attorneys' fees incurred by Plaintiffs' lawyers.

## II. ARGUMENT

This settlement is a just and fair settlement of the Plaintiffs' claims under the FLSA. Because of the mandatory nature of the FLSA, a claim under the FLSA may only be settled by either the approval of the Secretary of Labor, or by judicial approval. See Lynn's Food Stores, Inc., v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). As to the latter instance, the Eleventh Circuit has held as follows:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. Following the decision in Lynn's Food Stores, Inc., the Eleventh Circuit established a six-factor test to be used when considering the settlement of FLSA claims:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

See Leverso v. Lieberman, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Parties respectfully submit that the settlement of this matter meets each of the factors set forth above.

*(1) The existence of fraud or collusion behind the settlement.* The Parties' Settlement Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues. Counsel for both Parties thoroughly examined Plaintiffs' wage and time records prior to engaging in settlement negotiations, and discussed the prospects of continuing to litigate this matter with their respective clients before reaching the present agreement.

*(2) The complexity, expense, and likely duration of the litigation.* The Parties acknowledge that, as is the case with any wage and hour dispute, the litigation is likely to be document-intensive and, because of Plaintiffs' claims that they in fact worked more hours than shown in their self-completed, hand-written time records, would involve numerous depositions of eye witnesses. As such, both Parties would be subjected to considerable expense in determining whether

the Parties' respective assertions are correct, and given the amount of potential recovery in this matter as noted below, such costs are likely to far exceed the amount of his potential recovery. As such, the Parties believe that such expense is not worth the continuance of this case, particularly in light of the fact that a fair compromise has been reached. The parties have also reached an agreement with respect to statutory attorney fee shifting and cost claims. The value of the fees and costs are in excess of $11,700 but the parties have reached a compromise in the amount of $10,509.60. Plaintiffs' request for attorneys' fees thus is less than the total of the lodestar calculation they would otherwise submit, which would include the number of hours worked multiplied by the prevailing hourly rates.

To date, Plaintiffs' counsel has devoted approximately 45 hours to this action. As discussed above, the case involved difficult factual and legal issues. Addressing those legal issues required some skill and expertise by Plaintiffs' counsel who are experienced in handling FLSA cases and took this case on a contingency fee. Moreover, the fee that Plaintiffs request is reasonable compared to fees awarded in other FLSA cases.

Importantly, Plaintiffs have understood and have approved the settlement of counsel fees and costs. Given the months of negotiations, along with the pre-suit

investigation and the time spent preparing discovery and the complaint, the modest amount of attorney's fees is reasonable on its face.

*(3) The stage of the proceedings and the amount of discovery completed.* Plaintiffs filed their Complaint in this matter on March 26, 2013, and filed their Amended Complaint on May 15, 2013.  Since such time, the Parties have engaged in informal discovery, including the production of witness statements and of wage and attendance records needed to evaluate Plaintiffs' claims and potential damages, and the parties agreed to participate in mediation to facilitate settlement negotiations.  (See ECF No. 26.)  In light of their informal, yet extensive, discovery efforts, the Parties have an appropriate understanding of the facts and legal issues, as well as the positions of the respective Parties.  As such, the Parties believe that, under the circumstances, negotiations were called for and the fact that a settlement can be reached at this stage will save both parties considerable time, effort, and cost, as well as promote the purposes of Rule 1 of the Federal Rules of Civil Procedure.

*(4) The probability of Plaintiffs' success on the merits.*  The determination of the relevant statute of limitations period, which is dependent upon proof by the Plaintiffs that Defendants' alleged violations of the FLSA were willful as opposed to merely negligent, will largely determine Plaintiffs' ability to succeed on the

merits. Here, while the Plaintiffs supported each other's claims, their claims were contradicted by several eye witnesses and the time records they prepared in their own handwriting. Moreover, Defendants had a monetary claim which could have reduced any amount recovered, but which they agreed to release in the proposed Settlement Agreement. And the manner in which damages were to be calculated with respect to the Plaintiffs remained an issue of dispute between the parties, as hours of work were contested. As such, bona fide disputes as to the merits of the claims exist, and the Plaintiffs are far from assured of success on their claims.

*(5) The range of possible recovery.* Prior to engaging in settlement negotiations, Defendants produced, and Plaintiffs carefully reviewed, their wage and attendance records. Based on their review of such records, Plaintiffs submitted a demand seeking unpaid wages and liquidated damages under an analysis that assumes that this case is subject to a three-year statute of limitations (which would only be true if the Court were to determine that Defendants committed a willful violation of the FLSA). As such, the settlement amount is fair and reasonable in light of the range of possible recovery. In addition, the amount of attorney's fees recovered in this case are reasonable under the circumstances, and were agreed upon by Plaintiffs and their counsel.

*(6) The opinion of counsel*.  The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

## II.   CONCLUSION

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion for Order Approving Settlement, and dismiss the above-captioned case with prejudice. The proposed settlement is fair and reasonable to the Plaintiffs and does not otherwise impermissibly frustrate implementation of the FLSA. Respectfully submitted this 23rd day of August 2013.

| | |
|---|---|
| s/Viraj Parmer | s/ Douglas H. Duerr |
| Viraj Parmer | Douglas H. Duerr |
| Georgia Bar No. 996884 | Georgia Bar No. 231772 |
| Jeff Kerr | Laura R. Anthony |
| Georgia Bar No. 634260 | Georgia Bar No. 158667 |
| MAYS & KERR, LLC | ELARBEE, THOMPSON, SAPP & WILSON, LLP |
| 235 Peachtree Street, NE. | 229 Peachtree Street, N.E. |
| North Tower, Suite 202 | 800 International Tower |
| Atlanta, Georgia 30303 | Atlanta, GA 30303 |
| Telephone:  (404) 410-7998 | Telephone: (404) 659-6700 |
| Facsimile:   (404) 855-4066 | Facsimile: (404) 222-9718 |
| E: viraj@maysandkerr.com | E:  Duerr@elarbeethompson.com |
|    jeff@maysandkerr.com |      Anthony@elarbeethompson.com |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendants |